UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON CONNELLY,<br><br>    Plaintiff,<br><br>  v.<br><br>BRADLEY PHILLIPS; KLEM ULAGA,<br><br>    Defendants. | No. 2:16-cv-01604-JAM-EFB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO SET ASIDE TAXATION AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO RECOVER COSTS** |

Officers Bradley Phillips and Klem Ulaga ("Defendants") submitted a bill of costs on December 21, 2018. Bill of Costs, ECF No. 65. Thirteen (13) days later, the court taxed costs against Jon Connelly ("Plaintiff"). Plaintiff filed a motion to set aside the clerk's taxation of costs, ECF No. 67, along with objections to Defendants' bill of costs. Opp'n to Bill of Costs, ECF No. 68.[1] Defendants opposed Plaintiff's motion to set aside, arguing the objections were untimely. Opp'n to Mot. to Set Aside, ECF No. 70. For the reasons discussed below, the Court denies Plaintiff's motion to set aside insofar as it is based on the Court Clerk's premature taxation of costs. The Court further finds Plaintiff's

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for March 5, 2019.

1

opposition to be a timely motion to review the Clerk's taxation of costs and grants in part and denies in part Defendants' motion for costs.

## I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff brought suit against Defendant Officers alleging Fourth Amendment violations. See Compl., ECF No. 1. Plaintiff's claims were tried to a jury in December 2018. See 12/06/18 Minutes, ECF NO. 60. The jury returned a verdict for Defendants on all claims. Jury Verdict, ECF No. 63. Following the verdict, Defendants submitted their bill of costs, requesting $44,718.86. Bill of Costs at 1.

## II. OPINION

A. Timeliness of Plaintiff's Objections

1. Legal Standard

Federal Rule of Civil Procedure 54 allows a prevailing party to recover costs other than attorney's fees "unless a federal statute, [the federal rules of civil procedure], or a court order provides otherwise." Fed. R. Civ. P. 54(d)(1). The clerk of court "may tax costs on 14 days' notice." Id. Rule 54(d) does not include a specific provision for pre-taxation objections. It does, however, allow the Court to review the clerk's taxation of costs "[o]n motion served within the next 7 days." Id.

Local Rule 292 does provide an opportunity for the losing party to file pre-taxation objections. E.D. Cal. L.R. 292(c). The objections must be filed "within seven (7) days from the

2

date of service" of the prevailing party's bill of costs.  Id.
But the Local Rule's allowance for pre-taxation objections does
not displace the opportunity for post-taxation review.  See id.
at 292(3) ("On motion filed and served within seven (7) days
after notice of the taxing of costs has been served, the action
of the Clerk may be reviewed by the Court as provided in Fed. R.
Civ. P. 54(d).").

2. Analysis

The Court does not read Local Rule 292 as a narrowing of
Federal Rule of Civil Procedure 54.  Defendants argue that
Plaintiff's objections should be denied as untimely because they
were not filed within seven days of Defendants' motion to
recover costs.  Opp'n to Mot. to Set Aside at 2 (citing E.D.
Cal. L.R. 292).  Plaintiff disagrees, arguing that Rule 54
allowed him fourteen days to object to Defendants' bill of
costs.  Mot. to Set Aside at 1-2.  The Court disagrees with both
parties.

As an initial matter, the Court Clerk admittedly erred in
taxing costs upon only thirteen (13) days' notice to Plaintiff.
Nothing in Local Rule 292 purports to alter Rule 54's 14-day
notice requirement; nor could it.  Rule 54 allows for
modification by federal statute, federal rule of procedure, or
court order—not by local rule.  Fed. R. Civ. P. 54.  The Clerk
should not have taxed costs against Plaintiff without affording
him 14 days' notice.

It is, however, permissible for the Local Rules to add a
seven-day deadline for pre-taxation objections.  Because Rule 54
does not, on its face, provide any opportunity for pre-taxation

| | |
|---|---|
| 1 | objections, this timeline does not in any way conflict with the |
| 2 | federal rule.  It merely presents the losing party with an |
| 3 | additional opportunity to be heard.  Plaintiff did not file |
| 4 | objections within 7 days of Defendants' motion for costs.  To |
| 5 | the extent that Plaintiff's opposition amounts to a pre-taxation |
| 6 | objection, it is untimely.  Furthermore, the opposition would |
| 7 | have been untimely even if the clerk had waited fourteen days to |
| 8 | tax costs. |
| 9 | In light of the circumstances, however, the Court will |
| 10 | treat Plaintiff's objections as a timely post-taxation motion |
| 11 | for review.  Local Rule 292's provision for pre-taxation |
| 12 | objections does not negate Rule 54's allowance for a post- |
| 13 | taxation review period.  Indeed, Local Rule 292(e) expressly |
| 14 | adopts Rule 54(d) in this respect, allowing the party against |
| 15 | whom costs were claimed to request review of the clerk's |
| 16 | taxation "within seven (7) days after notice of the taxing of |
| 17 | costs has been served."  Connelly's motion was filed only hours |
| 18 | after the clerk taxed costs.  ECF No. 68. |
| 19 | The Court does not seek to opine on the prudence of having |
| 20 | both pre-taxation and post-taxation opportunities for review. |
| 21 | In this Court's view, the virtue of reading Local Rule 292 in a |
| 22 | way that is consistent with the federal rule takes priority over |
| 23 | a reading that achieves an arguably more streamlined process. |
| 24 | The Court denies Plaintiff's motion to set aside taxation |
| 25 | insofar as it is premised on the clerk's premature taxation of |
| 26 | costs, because the error was harmless.  The Court does, however, |
| 27 | consider Plaintiff's opposition as a timely motion to review the |
| 28 | clerk's taxation of costs. |

B. Defendants' Claimed Costs

3. Legal Standard

Federal law lays out an exhaustive list of what types of costs a court may tax against a losing party. See 28 U.S.C. § 1920. Section 1920 allows a judge or clerk of court to tax the following costs:

- Fees of the clerk and marshal;
- Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
- Fees and disbursements for printing and witnesses;
- Fees for exemplification and the costs of making copies . . . [that] are necessarily obtained for use in the case;
- Docket fees under section 1923 of this title;
- Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services.

28 U.S.C. § 1920.

Within the confines of Section 1920, Federal Rule of Civil Procedure 54 creates a presumption in favor of awarding costs to the prevailing party. Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 441-42, 445 (1987); Ass'n of Mexican-American Educators v. State of California, 231 F.3d 572, 591 (9th Cir. 2000). The bill of cost must "itemize the costs claimed and shall be supported by a memorandum of costs and an affidavit of counsel that the costs claims are allowable by law, and correctly stated, and were necessarily incurred." E.D. Cal.

L.R. 292(b).

Despite the presumption of awarding costs to prevailing parties, a court may not tax costs that fall outside the Section 1920 categories. Crawford Fitting, 482 U.S. at 441-42. Furthermore, the Court retains discretion to refuse to award costs that are covered by Section 1920. Ass'n of Mexican-American Educators, 231 F.3d at 591.

### 4. Analysis

Plaintiff argues that his limited financial resources and the risk of chilling future civil rights litigation warrant a complete denial of costs to Defendants. Id. In the alternative, Plaintiff contends that the Court should deny any of Defendants' costs that were not necessary—specifically, the cost of videotaping depositions and a portion of the expert witness's fees. Id. at 3-4. Defendants argue that Plaintiff's claims of indigence lack any evidentiary support, and that there is no legal authority for denying the specific costs identified by Plaintiff. Opp'n to Mot. to Set Aside at 3.

#### a. Discretionary Reduction of Costs

When a district court's decision to deny costs is discretionary, it must "specify reasons" for its decision to reduce or deny the prevailing party's bill of costs. Id. This decision may be premised on one or more of several factors, including:

- The substantial public importance of the case;
- The closeness and difficulty of the issues in the case;
- The chilling effect of future similar actions;

1 • The plaintiff's limited financial resources; and
2 • The economic disparity between the parties.
3 Id. at 592-93. A plaintiff need not show that all five
4 factors weigh against imposing costs. Draper v. Rosario, 836
5 F.3d 1072, 1087 (9th Cir. 2016).
6 Here, Plaintiff only discusses two of the Ass'n of Mexican-
7 American Educators factors: his limited financial resources and
8 the chilling effect of awarding costs. Opp'n to Bill of Costs
9 at 2-3. When noting a party's financial resources, the district
10 court must consider both whether the plaintiff is indigent at
11 the time, and whether the payment of costs would render him
12 indigent. Stanley v. University of Southern California, 178
13 F.3d 1069, 1079 (9th Cir. 1999). The burden is "upon the losing
14 party to demonstrate why the costs should not be awarded." Id.
15 In Stanley, the Ninth Circuit found that the district court
16 abused its discretion by awarding $46,710.97 in costs to the
17 defendants without considering the plaintiff's financial
18 resources or the potentially chilling effect of that award. Id.
19 at 1079-80. Relying on Stanley, the Eastern District has found
20 that much lower amounts may also be unjustifiable in light of
21 the plaintiff's financial resources. See Tubbs v. Sacramento
22 County Jail, 258 F.R.D. 657, 661 (E.D. Cal. 2009). In Tubbs,
23 the court decided that "imposing payment of $3,798.09 when an
24 individual is indigent would be inequitable." Id. There, the
25 plaintiff's claims of indigence were "compelling" and "supported
26 by evidence" in his previous motion to proceed in forma
27 pauperis. Id.
28 Stanley also urges district courts to pay heed to the

chilling effect that an imposition of costs will have on future civil rights litigants. Id. This is true even when the plaintiff's claims fail as a matter of law. Id. at 1080 ("Without civil rights litigants who are willing to test the boundaries of our laws, we would not have made much of the progress that has occurred in this nation since Brown v. Board of Educ., 347 U.S. 483 (1954).").

Plaintiff fails to point to any evidence of indigency that compels a wholesale denial of costs. Plaintiff argues that "[t]his Court received certain testimony at trial indicating the severe financial impact that the underlying incident in this case has had on Plaintiff's business due to his inability to work at the same level that he did prior to the incident." Opp'n to Bill of Costs at 3. The Court disagrees.[2] In fact, at the beginning of trial, the Court granted Defendants' motion in limine to exclude testimony on Plaintiff's special economic damages such as lost wages. Plaintiff had previously represented that he would not be pursuing this type of relief. The Court finds that Plaintiff has not met his burden to show that his limited financial resources justify a reduction of Defendants' cost award, let alone a complete denial.

The risk of chilling future civil rights suits here is, however, significant enough to justify a reduction of Defendants' cost award. The merits of plaintiff's excessive

---

[2] The Court, however, also disagrees with Defendants' argument that Plaintiff cannot establish indigence because the "fact finder did not conclude Plaintiff suffered any financial loss. Opp'n to Mot. to Set Aside at 3. The fact finder merely determined that Defendants did not violate Plaintiff's Fourth Amendment rights.

8

force claim primarily turned upon the jury's credibility determination. $37,212 is a significant cost to levy against plaintiffs who choose to proceed to trial on their belief that a jury will find them persuasive and lose. Courts should not dissuade individuals from attempting to hold police officers accountable when there is a reasonable belief that those officers have stepped outside the bounds of the law. But imposing $37,212 in costs against Plaintiff here would do exactly that.

Plaintiff's opposition does not point to any case law that helpfully guides the Court on what the proper reduction of costs should be. But in looking to the other three Ass'n of Mexican-American Educators factors, the Court disagrees that a wholesale denial of costs is appropriate. Excessive force cases are undoubtedly claims of substantial importance, but the breadth of the claims and the severity of the alleged misconduct here is not on par with cases where Courts have completely declined costs. See Ass'n of Mexican-American Educators, 321 F.3d at 578 (declining to award costs against plaintiffs who brought a class action against the state of California for racially-discriminatory standardized testing).

The economic disparity between Plaintiff and Defendant Officers—who are almost certainly indemnified by the City of Vallejo—weighs in favor of reducing costs. But the closeness and the difficulty of the issues does not. Although Plaintiff's case turned upon the jury's credibility determination, that credibility determination was undoubtedly influenced by the fact that Plaintiff's witnesses presented a different version of the

facts. Plaintiff knew, or should have known, of this inconsistency at the close of discovery. He knew, or should have known, that these discrepancies would undermine his credibility. Yet, he proceeded to trial anyway. Refusing to award Defendants any costs pushes the Court past incentivizing meritorious civil rights suits, and toward rewarding plaintiffs for making poor strategic choices.

In this Court's view, the most appropriate way to strike the balance envisioned by Ass'n of Mexican-American Educators is to reduce Defendants' taxable costs by half. Drawing this line recognizes the disparity in financial resources between the parties. It takes notice of the substantial importance of excessive force claims, while also acknowledging the limited scope of this particular case. And it avoids chilling future civil rights litigation by freeing Plaintiff from assuming a significantly higher cost of litigation.

b. Mandatory Reduction of Costs

Plaintiff argues that, independent of his limited financial and the risk of chilling civil rights litigation, it would be improper for the Court to tax costs for Dr. Singer's fee or the videotaping of depositions. Opp'n to Bill of Costs at 3. This Court has previously found that the cost of videotaping depositions falls outside the scope of Section 1920(2) where those videos were not necessarily obtained for use in the trial. Valencia v. City of Stockton, No. 2:16-cv-2081-JAM-AC, 2018 WL 3435412 at *4 (collecting cases). Here, as Plaintiff argues, Defendants did not use any of the videotaped depositions in trial; nor did they need to. Opp'n to Bill of Costs at 3. The

Court declines to award any costs for Defendants' decision to videotape depositions.

The Court also reduces Defendants cost award for Dr. Singer's fees. Section 1920 allows a court to tax the cost of witnesses and "court appointed experts" against the losing party. Dr. Singer was not a court appointed expert. 28 U.S.C. § 1821 places a cap on a witness's per diem and mileage costs. Section 1821 applies to both lay and expert witnesses. Crawford Fitting, 428 U.S. at 439 ("We [] hold that when a prevailing party seeks reimbursement for fees paid to its own witnesses, a federal court is bound by the limit of § 1821(b), absent contract or explicit statutory authority to the contrary.").

Section 1821(b) states that a witness who shows up at trial or for a deposition "shall be paid an attendance fee of $40 per day for each day's attendance." The witness is also paid for the time necessary to travel to and from the trial or deposition; the cost of transportation; and, when applicable, a subsistence allowance. Id. § 1821(c)-(d). Here, Dr. Singer made two appearances: one day for trial and one day for a deposition. Bill of Costs at 9-10. None of the other time Dr. Singer spent on this case falls within the Section 1920 categories. The Court therefore reduces Defendants' cost award for Dr. Singer's fee to $348. This includes $80 for her appearances at trial and at her deposition, and $268 for the cost of travel, parking, and tolls on the day of trial. Id. Given the mandatory language of Section 1821, the Court will not reduce this portion of the award by half.

### c. Defendants' Modified Cost Award

After eliminating the cost of videotaping depositions, reducing the cost of Dr. Singer's fee to $368, and reducing the remainder of Defendants' costs by half, the Court taxes the following costs against Plaintiff:

- Fees for service of summons and subpoena........ $1,036.75
- Fees for witnesses.................................. $348
- Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case...................... $845.13

These costs total to $2,229.88. Within 7 days of this order, Defendants may file a supplement to their bill of costs, delineating the portion of the $3,742.81 claimed for deposition transcripts that remains after the cost of videotaping the depositions is eliminated. Otherwise, the Court will not tax any additional costs against Plaintiff for this expense category.

## III. ORDER

For the reasons set forth above, the Court DENIES Plaintiffs' motion to set aside taxation. The Court GRANTS IN PART and DENIES IN PART Defendants' motion for costs, awarding Defendants $2,229.88. Pending Defendants' supplemental filing, the Court may increase Defendants' award for the cost of printed deposition transcripts.

IT IS SO ORDERED.

Dated: April 17, 2019

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE